*McCarthy & Holthus, LLP*
Yoshie Valadez SBN 24091142
Carlos Hernandez-Vivoni SBN 24096186
*1255 West 15th Street Suite 1060 Plano, TX 75075*
*Phone: (214) 291-3800*
*Fax:     (214) 291-3801*
ATTORNEYS FOR MOVANT
TX-18-19901

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| IN RE: <br> BILLY ORR, CORINE SAMATHALEAN ORR <br>     DEBTOR(S) <br><br> WELLS FARGO BANK, N.A., ITS ASSIGNEES AND/OR SUCCESSORS <br>     MOVANT <br><br> VS. <br><br> BILLY ORR, CORINE SAMATHALEAN ORR <br>     DEBTOR(S) <br> AND TIM TRUMAN, TRUSTEE <br>     RESPONDENTS | CASE NO. 18-42500 <br><br> CHAPTER 13 <br><br> A HEARING HAS BEEN SET ON THIS MOTION FOR: <br> 12/13/2018 AT 9:30 AM |

**MOTION OF WELLS FARGO BANK, N.A., ITS ASSIGNEES AND/OR SUCCESSORS, FOR RELIEF FROM STAY OF AN ACT AGAINST PROPERTY**

*L.B.R. 4001-1(b)*

*PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.*

*ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET, FORT WORTH, TEXAS 76102-3643, BEFORE CLOSE OF BUSINESS ON 12/10/2018 WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED ON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A*

*DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW WELLS FARGO BANK, N.A., ITS ASSIGNEES AND/OR SUCCESSORS (hereinafter "Movant"), a secured creditor in the within case, and hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), Bankruptcy Rules 4001 and 9014, L.B.R. 4001-1 and 9014-1. The facts supporting this motion are set forth in the Affidavit in Support of Motion for Relief from Automatic Stay (the "Affidavit") being filed concurrently herewith. In further support thereof, Movant respectfully states as follows:

I. JURISDICTION

1. This Court has jurisdiction of the subject matter and parties pursuant to 28 U.S.C. §§ 157(a) and 1334.

2. The matter is a core proceeding in accordance with 28 U.S.C. §157(b)(2)(G).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

II. FACTS

4. On 6/29/2018, Billy Orr and Corine Samathalean Orr, hereinafter referred to as the Debtor, whether one or more, filed a voluntary petition under Chapter 13 of the Bankruptcy Code, thereby initiating the above-styled bankruptcy proceeding. Tim Truman is the duly appointed and acting trustee.

5. On 2/11/2009, Billy Orr and Corine Orr executed a Promissory Note, hereinafter referred to as the Note, in the original principal amount of $176,447.00, payable to the order of Moncor, Inc., hereinafter referred to as the Loan. The Movant is an entity entitled to enforce the Note. Movant owns or otherwise holds the Note that either names the Movant as the payee or is

indorsed to the Movant or indorsed in blank, or payable to bearer. A true and correct copy of the Note is attached to the Affidavit and incorporated herein for all purposes.

6. Concurrently with the execution of the Note, Billy Orr and Corine Orr executed a Deed of Trust, hereinafter referred to as the Security Instrument, securing payment of the Note and encumbering certain real property described as:

> **LOT 31, IN BLOCK 8, OF SUMMER CREEK MEADOWS, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET A, SLIDE 7165, PLAT RECORDS, TARRANT COUNTY, TEXAS**

Also known as: 5320 Rolling Meadows Dr, Fort Worth, TX 76123 (the "Property").

The Security Instrument was duly recorded in the TARRANT County Deed Records. A true and correct copy of the Security Instrument is attached to the Affidavit and incorporated herein for all purposes.

7. All rights and remedies under the Security Instrument were thereafter assigned to the Movant. A true and correct copy of the said assignment(s) are attached to the Affidavit and incorporated herein for all purposes.

8. According to the Debtor's Schedule A, the estimated market value of the Property is $280,000.00.

9. The Loan, which is an obligation owed to Movant, is in default as the monthly installment payments due and owing have not been made pursuant to the terms of the above-described Note.

10. As of 10/29/2018, the total unpaid principal balance of the Loan was approximately $128,766.93.

11. As of 10/29/2018, the total amount of post-petition payments due under the Loan is $4,861.40 which consists of the following:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|
| 3 | 08/01/2018 | 10/01/2018 | $1,640.35 | $4,921.05 |
| Less partial payments (suspense balance): | | | | ($59.65) |
| Total: | | | | $4,861.40 |

12. A true and correct copy of a post-petition payment history is attached to the Affidavit and incorporated herein for all purposes.

## III. RELIEF REQUESTED

13. Movant requests that the Honorable Court terminate the automatic stay for cause pursuant to 11 U.S.C. § 362(d) to allow Movant to exercise all of its rights and remedies against the Debtor under state law, including, inter alia, foreclosing its lien on the Property. Good cause exists for the lifting of the automatic stay because the Debtor has little or no equity in the Property. In addition, as this is a Chapter 13 proceeding and Debtor is not receiving income from the Property, the Property is not necessary for an effective reorganization.

14. In the alternative, Movant alleges that cause exists for the lifting of the stay in that the Debtor has not offered Movant adequate protection for its interest in the Property. The plan provides for adequate protection in the form of ongoing monthly payments to be paid directly to Movant. Debtor's delinquency indicates either a willful non-compliance with the confirmed plan or an inability to meet the terms of the plan. As such, cause exists for the lifting of the stay.

15. It has been necessary for Movant to hire the law firm of McCarthy & Holthus, LLP to file this motion. Movant reserves all rights to seek reimbursement of reasonable attorneys' fees incurred in enforcing its rights as a secured creditor to the extent allowed by the Bankruptcy Code and otherwise applicable law.

16. Movant requests that an Order granting its motion for relief from automatic stay, if such Order should be entered, will be effective immediately upon entry and, pursuant to Rule

4001(a)(3) of the Federal Rules of Bankruptcy Procedure, enforcement of such Order will not be stayed until the expiration of fourteen (14) days after entry of the Order.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court enter an Order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d) as follows:

A.  To allow Movant to exercise and enforce all its rights and remedies against the Debtor as a secured creditor and perfected lienholder to the Property, including, but not limited to, foreclosure and disposition of the Property, under applicable state law and, payment of costs, expenses, and reasonable attorneys' fees in accordance with the terms of the Note and Security Instrument and related loan documents and to the extent allowed by the Bankruptcy Code and otherwise applicable law;

B.  That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

C.  That the Order be binding and effective immediately upon entry such that the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure be waived; and

D.  For such other relief to which Movant may show itself justly entitled, either at law or in equity.

Dated: November 26, 2018

Respectfully Submitted,

MCCARTHY & HOLTHUS, LLP

*/s/ Yoshie Valadez*
Yoshie Valadez SBN 24091142
Carlos Hernandez-Vivoni SBN 24096186
1255 West 15th Street Suite 1060
Plano, TX 75075
Phone: (214) 291-3800
Fax: (214) 291-3801
Atty File No.: TX-18-19901
ATTORNEYS FOR MOVANT

## CERTIFICATE OF CONFERENCE

  COMES NOW Yoshie Valadez, Attorney for Movant, and affirms that a conference call was attempted with Leinart Law Firm, counsel for Debtor, on 11/12/2018 at 11:54 a.m. prior to filing this motion in an attempt to negotiate a settlement of the dispute. Our office left a voice message. On 11/15/2018 at 1:49 p.m. Kelly Stejskal, paralegal for Leinart Law Firm, emailed our office that they were opposed to the Motion.

        McCarthy & Holthus, LLP

        */s/ Yoshie Valadez*
        Yoshie Valadez SBN 24091142
        Carlos Hernandez-Vivoni SBN 24096186
        Atty file no.: TX-18-19901

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Relief was served on all parties listed below in the manner listed below on 11/26/2018.

By First Class Mail Postage Prepaid:

DEBTOR(S)
Billy Orr
5320 Rolling Meadows Drive
Fort Worth, TX 76123

Corine Samathalean Orr
5320 Rolling Meadows Drive
Fort Worth, TX 76123

Summer Creek Meadows HOA
PO Box 33190
Fort Worth, TX 76162

Tarrant County Tax Assesor/Collector
Attn: Ron Wright, CTA
PO Box 961018
Fort Worth, TX 76161

By CM/ECF:

COUNSEL FOR DEBTOR(S)
Marcus B. Leinart
Leinart law Firm
11520 N Central Expressway
Suite 212
Dallas, TX 75243

TRUSTEE
Tim Truman
6851 N.E. Loop 820
Suite 300
North Richland Hills, TX 76180

U.S. TRUSTEE
US Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242

All Parties Requesting Notice Via CM/ECF System

McCarthy & Holthus, LLP

/s/ Yoshie Valadez
Yoshie Valadez
Atty file no.: TX-18-19901